UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
Y. G., et al.,

                                Plaintiffs,

   -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                               Defendant.
------------------------------------------------------------- x

**OPINION & ORDER
GRANTING SUMMARY
JUDGMENT**

21 Civ. 641 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiffs, a child with a disability and his parent, initiated this action pursuant to the Individuals with Disabilities Education Act (IDEA) against the New York City Department of Education. Plaintiffs initially filed this suit seeking enforcement of Findings of Fact and Decision (FOFD) issued in an administrative proceeding, along with the fees associated with the administrative proceeding and instant action. Defendant has since come into compliance with its obligations and Plaintiffs withdrew the claim for enforcement. Only Plaintiffs' application for $148,996.05 in attorneys' fees and costs remains. *See* Cuddy Decl. Ex. 6, ECF No. 38-6. Defendant does not dispute that Plaintiffs are entitled to an award of attorneys' fees under 20 U.S.C. §1415(i)(3)(B)(i), but argues that the award Plaintiffs seek is excessive and not "reasonable." For the reasons stated on the record and set forth below, Plaintiffs' application for attorneys' fees is granted, with modifications.

## DISCUSSION

      IDEA was intended to ensure that all children, regardless of intelligence or ability, receive an adequate education "that emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. § 1400(d)(1)(A); *see Schaffer v. Weast*, 546 U.S. 49, 51 (2005); *A.R. ex rel. R.V. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 72 (2d Cir.2005). All are equal

before the law. IDEA applies to the schooling of every child with a disability, and every such child is assured a free appropriate public education (FAPE) through an Individual Education Plan (IEP). *Schaffer*, 546 U.S. at 53. To ensure all disabled children receive an appropriate education, IDEA requires states to offer "an array of procedural safeguards," including the filing of a due process complaint and hearing before an impartial adjudicator. *Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 482 (2d Cir. 2002).

Congress has left it to aggrieved parties and their lawyers to vindicate these rights. They are important rights and necessitate an award of fees where parents prevail. In evaluating the reasonableness of the fee, the court, among all other factors, should be sensitive to an adequate incentivization of counsel to take these cases. *See Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir.2005); *Milwe v. Cavuoto*, 653 F.2d 80, 84 (2d Cir.1981) ("The award of counsel fees is not intended to punish the defendant in any way. Rather it is to permit and encourage plaintiffs to enforce their civil rights. To declare those rights while simultaneously denying the award of fees would seriously undermine the declared congressional policy.") (citations omitted). There are not many lawyers who take IDEA cases, perhaps because the fee structure has been so tight. *See, e.g., M.D. v. New York Dep't of Educ.*, 2021 WL 3030053 (S.D.N.Y. July 16, 2021); *H.C., v. New York City Dep't of Educ.*, 2021 WL 2471195, at *4 (S.D.N.Y. June 17, 2021). With these factors as a frame of reference, I evaluate Plaintiff's application.

### A. Hourly Rates

To calculate a "presumptively reasonable fee," a district court first determines the appropriate billable hours expended and sets a "reasonable hourly rate." *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). Determining whether a plaintiff's requested rates are reasonable requires "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel." *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005). In doing so, courts may not make reference solely to rates awarded in prior cases, and must consider whether prior rates

still reflect the applicable prevailing rate. *Id.*; *A.R. ex rel. R.V. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 82 (2d Cir.2005).

In *Arbor Hill*, the Second Circuit clarified how district courts should calculate reasonable fee awards. 522 F.3d at 190. There, the Court explained that "[t]he reasonable hourly rate is the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* The *Johnson* factors, from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) are the following:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Courts need not make specific findings as to each factor, provided each is considered when determining the ultimate fee award. *See E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ.*, 2014 WL 1092847, at *3 (S.D.N.Y. Mar. 17, 2014) (citing *Lochren v. Cnty. of Suffolk*, 344 F. App'x 706, 709 (2d Cir.2009)).

Having considered all the *Johnson* factors, as well as the need to adequately incentivize attorneys to represent clients in IDEA fee-shifting cases, I find that the Cuddy Law Firm's rates are reasonable. Among other factors, the administrative hearing was heavily contested and required the skill of an experienced IDEA litigator to prevail, as there were multiple days of hearings and five hearings on the merits. Additionally, the fee was entirely contingent, Plaintiff was awarded nearly all the relief sought in the administrative proceeding, and the attorneys of the Cuddy Law Firm have years of experience in IDEA litigation. There is also a need to alleviate the view that such cases are "undesirable," and appropriately incentivize attorneys to represent disabled student who could otherwise not afford to litigate meritorious

cases themselves. *See* Kassim, 415 F.3d at 252; *Milwe*, 653 F.2d at 84. The rates, although higher than other district courts have allowed, are in my judgment reasonable, and much below commercial rates charged by experienced attorneys with expertise in their areas of litigation. I also cannot say that there has been an overuse of personnel or an across-the-board failure to delegate to lower-billing personnel. I thus find that Plaintiffs' counsel are entitled to the following rates: $550/hr. for Andrew Cuddy and Jason Sterne, $450/hr. for Kevin Mendillo, $425/hr. for Justin Coretti, $400/hr. for Benjamin Kopp, $375/hr. for Erin Murray, and $225/hr. for all paralegals.

### B. Hours Billed

To calculate the reasonable hours expended, courts look to "contemporaneously created time records" and exclude "hours that are excessive, redundant, or otherwise unnecessary." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). In doing so, "a district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." *M.D. v. New York City Dep't of Educ.*, 2018 WL 4386086, at *4 (S.D.N.Y. Sept. 14, 2018) (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)).

On balance, the hours Plaintiff's counsel expended in preparing for the administrative proceeding and federal proceeding were reasonable. Defendant argues Plaintiff's counsel spent an unreasonable amount of time preparing for various aspects of the administrative and federal proceedings. For instance, Defendant argues that Plaintiff 37 hours to prepare a hearing request was unreasonable. However, doing so required reviewing three years of educational records, in addition to drafting the text of the request itself. That amount of time appears reasonable in light of the billing records Plaintiff provides. Likewise, Defendant argues that 24 hours to prepare for the first administrative hearing, which lasted 2.5 hours, was unreasonable, and similarly argues that 20 hours to prepare for the second hearing was unreasonable. While the preparation time for the first hearing appears slightly higher than in other similar cases, see *C.B. v. New York City. Dep't of Educ.*, 2019 WL 3162177, at *27 (S.D.N.Y. July 2, 2019), the second hearing lasted longer than 8 hours and was spread over 4

days. A ratio of 20 preparation hours to 8 hours of hearing time is well within a reasonable range. *See, e.g., id.; R.G. v. N.Y.C. Dep't of Educ.*, 2019 WL 4735050, at *4 (S.D.N.Y. Sept. 26, 2019). As a final note, much of Plaintiff's billing appears attributable to delays Defendant caused.

I thus decline to reduce the number of hours for while Plaintiff seeks attorneys' fees, with one exception. Justin Coretti billed 39.2 hours in travel at $212.50/hr., which amounts to half his normal rate, for a total of $8,330. As stated on the record at oral argument on April 6, 2022, that amount of travel time is unwarranted because a reasonable client would hire an attorney with a much shorter commute. *See H.C.*, 2021 WL 2471195, at *11. Accordingly, Corretti's $8,330 billed for travel time is reduced by approximately 70%, to a total of $2,500. In all, Plaintiffs are entitled to $92,157.50 for fees in the administrative action and $41,180 for fees in the federal action.

### C. Costs & Interest

Plaintiff's costs for travel and printing will be reduced. Defendant argues Plaintiff's expenses for costs of the administrative and federal litigation should be reduced or eliminated entirely. Specifically, Defendant contends that "expenses totaling $3,927.52, including fax costs ($332), lodging ($876.13), meals ($235.48), mileage ($1,140.18), parking ($162.50), postage ($17.82), copying ($636.50 billed at 0.50 per page), toll ($47.63), transportation ($77.28), and a filing fee ($402)" should be reduced. Def. Br. at 21. Defendant also argues Plaintiff is not entitled to an award of interest.

The rate for printing will be reduced to $0.10 per page and the costs for faxing will be eliminated. In this district, "$0.10 per page continues to be entirely reasonable compensation for printing costs." *R.G. v. N.Y.C. Dep't of Educ.*, 2019 WL 4735050, at *6 (S.D.N.Y. Sept. 26, 2019) (*citing Febus v. Guardian First Funding Grp.*, LLC, 870 F. Supp. 2d 337, 341 (S.D.N.Y. 2012)). Plaintiff is entitled to only $127.30 for printing expenses. The costs for faxing are not reasonable. *See id.*

Plaintiffs' requested reimbursement for lodging, meals, and transportation should also be reduced. With respect to lodging, courts in this district routinely decline to award

lodging expenses to the Cuddy firm because a reasonable client would hire attorneys who did not have to commute the distances that were traveled. *See H.C.*, 2021 WL 2471195, at *11 (citing *C.D.*, 2018 WL 3769972, at *13); *R.G.*, 2019 WL 4735050, at *6. The same is true for meals, which were not necessary to the legal representation and "would not have been billed by local counsel." *R.G.*, 2019 WL 47350, at *6. Similarly, the travel expenses CLF incurred, in the form of mileage, tolls, and parking, were largely unnecessary. A 70% reduction of the requested amount is reasonable. *Id.*; *H.C.*, 2021 WL 2471195, at *11; *M.H.*, 2021 WL 4804031, at *28. Applying that reduction, Plaintiffs will be awarded $342.05 for mileage, $48.76 for parking, $14.29 for tolls, and $23.18 for transportation for a total of $428.28 as allowable, reimbursable expenses.

In all, Plaintiff will be awarded $127.30 for printing costs, $428.28 for travel costs, $17.82 for postage, and $402 for a federal filing fee, for a total of $975.40 in reimbursable expenses. Plaintiffs have not explained why they are entitled to either pre- or post-judgment interest, and I decline to award any interest.

## CONCLUSION

Plaintiff's motion for summary judgment awarding fees is granted as modified. In all, Plaintiffs are awarded $92,157.50 for fees in the administrative matter, $41,180.00 for fees in the federal action, and $975.40 in reimbursable expenses, for a total of $134,312.90. The parties shall settle an order implementing this decision by April 27, 2022. The Clerk shall terminate ECF No. 14.

SO ORDERED.

Dated: April 7, 2022
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge