UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
Y.G., individually and on behalf of C.T., a child
with a disability,

                                      Plaintiffs,

        -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                                      Defendant.
---------------------------------------------------------------- x

**ORDER AMENDING JUDGMENT**

21 Civ. 0641 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        This order amends the judgment in this case to comport with the Second Circuit's decisions in *H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023). *See* ECF No. 52.

        On April 7, 2022 I issued an opinion and order granting summary judgment to Plaintiff for $134,312.90 in attorneys' fees and costs in this action consistent with the Individuals with Disabilities Education Act of 1990 (IDEA), 20 U.S.C. §§ 1415(i)(3)(B)–(C). *See* ECF No. 46. The Clerk entered judgment in favor of Plaintiff on April 28, 2022. *See* ECF No. 52. Both parties appealed, and on June 21, 2022, the Second Circuit directed both appeals be "remanded for further proceedings in the district court" upon a determination of the tandem appeals heard in *H.C. v. N.Y.C. Dep't of Educ. See* ECF No. 58. The Second Circuit issued its decision resolving the tandem appeals and remanded this case on June 21, 2023. *See H.C.*, 71 F.4th at 130.

        *H.C.* reiterates district court discretion in attorney fee determinations in IDEA actions. The Court affirmed district court decisions across the spectrum of fee-related issues, including calculating attorneys' fee rates, reducing the number of hours billed to the client, declining to award pre-judgment interest, and adjusting excessive travel costs. *See id.* at 125–29. The only fee issue discussed by the Court of Appeals of which it forbad was the outright denial

1

of travel-related fees. *Id.* at 129–30. That issue is not implicated in the case before me on remand. I therefore affirm the calculations included the judgment as a reasonable reflection of the complexity of this case.

I find on remand that the Second Circuit's decision in *H.C.* requires the award of post-judgment interest in this case. In the initial judgment, I declined to award post-judgment interest because Plaintiffs never explained why they were entitled to it. *See* ECF No. 46 at 6. Though the plain text of 28 U.S.C. § 1961(a) supports a reading of awarding post-judgment interest as discretionary ("[i]nterest shall be allowed . . ."), the Second Circuit's decision implies that it is statutorily required in all federal civil cases. *H.C.*, 71 F.4th at 129 ("the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered") (quoting *Tru-Art Sign Co. v. Loc. 127 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017)). Accordingly, the judgment in this case is amended to include an award of post-judgment interest calculated at the applicable statutory rate.

As the Second Circuit mandate noted, "either party may restore jurisdiction by notifying the Clerk of Court by letter than it seeks further appellate review" without new notice nor fee payment. ECF No. 58.

## CONCLUSION

The Clerk of Court is to reenter the April 28, 2022 judgment in all respects with the addition of a post-judgment interest award, to be calculated by the Clerk. This case is to remain closed.

SO ORDERED.

Dated: August 9, 2023
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge